FILED
2011 Nov-14  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ELLEN DIANE LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-2011-02181-PWG** |
| | ) | |
| **MENTAL HEALTH BOARD OF** | ) | |
| **BIBB, PICKENS & TUSCALOOSA** | ) | |
| **COUNTIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO COMPEL

Comes now the Defendant, Mental Health/Mental Retardation Board of Bibb, Pickens & Tuscaloosa County d/b/a/ Indian Rivers Mental Health & Mental Retardation Center, and moves this Court to enter an order compelling the Plaintiff, Ellen Diane Lewis, to produce Answers to Interrogatories and Requests for Production propounded by Defendant and as grounds therefor says as follows:

1. Defendant filed its First Interrogatories and Requests for Production to Plaintiff on September 21, 2011. A copy of this document is attached as Exhibits "A."

2. Plaintiff's responses to these Interrogatories and Requests for Production were due on October 21, 2011.

3.      The Plaintiff has failed to produce any responses to the above discovery.

4.      Defendant has attempted to obtain these discovery responses through the

letter attached hereto as Exhibit "B."

WHEREFORE, the Defendant moves this Court to enter an order compelling

Plaintiff, Ellen Diane Lewis, to respond to Defendant's Interrogatories and Requests

for Production.

Respectfully submitted,
Bruce H. Henderson
Terri Olive Tompkins

*/s/ Terri Olive Tompkins*
Attorneys for the Defendant
PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.
1201 Greensboro Avenue
Tuscaloosa, Alabama 35401
Tel. No.: (205) 345-5100
Fax No.: (205) 758-4394
bhenderson@pjgf.com
ttompkins@pjgf.com

## CERTIFICATE OF SERVICE AND E-FILING

I hereby certify that on the 14th day of November, 2011 I electronically filed the

foregoing with the Clerk of the Court which will send notification of such filing to the

following:

Tim R. Wadsworth
Attorney for Plaintiff
Post Office Box 987
Sulligent, AL  35586-0987

/s/ Terri Olive Tompkins
Of Counsel

P:\bhenderson\bhenderson\Indian Rivers Mental Health Center\Ellen Diane Lewis EEOC\Pleadings\MotionToCompel.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ELLEN DIANE LEWIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: CV-2011-02181-PWG |
| | § | |
| **MENTAL HEALTH BOARD OF** | § | |
| **BIBB, PICKENS & TUSCALOOSA** | § | |
| **COUNTIES, INC.,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

EXHIBIT
A
tabbies

## FIRST INTERROGATORIES AND REQUESTS FOR
## DOCUMENTS TO PLAINTIFF

NOW COMES the Defendant Indian Rivers Mental Health Center, herein referred to as "Defendant" or "Indian Rivers," by and through undersigned counsel, and pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, propounds the following interrogatories and requests for documents to Plaintiff Ellen Diane Lewis and requests that the Plaintiff fully respond within thirty (30) days.

## DEFINITIONS

As used in these Interrogatories and Requests, the term "identify" when used in reference to a natural person, means to state to the fullest extent possible his or

her full name, present or last known address and position at the time in question, and last known place of employment or business affiliation. The term "identify" when used in reference to any person other than a natural person means to state to the fullest extent possible the full name and present or last known address of the principal place of business of the corporation, partnership, proprietorship, association, or other organization to be identified.

If you base any objection on attorney client privilege or work product doctrine, you must sufficiently identify the precise nature of the privilege or your objection will be deemed waived.

## **INTERROGATORIES**

1.      State your full name, date of birth, social security number, current place of employment, present residence address, and all other addresses you have resided in the last ten (10) years and give this same information as it relates to your spouse (if applicable).

**ANSWER:**


2.      Identify all employers with whom the plaintiff has applied for or sought employment, regardless of whether the plaintiff was hired, from January 1, 2009 to present, and if hired the periods of employment and reason for leaving.

**ANSWER:**


3.    Please identify all employers for the ten years prior to your employment with

Defendant, indicating position, earnings, supervisor, and reason for leaving.

**ANSWER:**


4.    Please identify all efforts at obtaining employment at any time from the time

you were still working for Defendant until the present, including the name of any

said employer, whether you were hired, when you applied and with whom, whether

you were interviewed, your job position(s), your rate of pay and total earnings, and

if you are no longer employed the reason for leaving.

**ANSWER:**


5.    Please state each and every fact upon which you base your allegation that you

were subjected to numerous comments about your disability, including the date

and time of each such comment.  (Paragraph 12, Plaintiff's Complaint).

**ANSWER:**

6.     For each such comment, please identify when you complained about this comment, to whom, when, what was said and if anything what was done in response. (Paragraph 12, Plaintiff's Complaint).

**ANSWER:**

7.     Please state each and every fact upon which you base your allegation that the work environment was hostile to a person with your disability.  (Paragraph 12, Plaintiff's Complaint).

**ANSWER:**

8.     Please identify your disability, including what essential job functions you were unable to perform because of your disability, and any medical diagnoses or treatments provided to you for your disability.

**ANSWER:**

9.     Please state each and every fact upon which you base your claim that you Defendant knew you had a disability.

**ANSWER:**

10.     Please identify in detail each and every adverse employment action you claim was taken against you based on your disability. (Paragraphs 17 - 20, Plaintiff's Complaint).

**ANSWER:**


11.     Please identify in detail why you believe you were "constructively discharged" by Defendant. (Paragraph 17, Plaintiff's Complaint).

**ANSWER:**


12.     Please identify in detail each and every adverse employment action you claim was taken against you based on your disability. (Paragraph 20, Plaintiff's Complaint).

**ANSWER:**


13.     Please state each and every fact upon which you base your claim that the Defendant failed to accommodate you because of your disability.  Please include in your answer the name of each employee to whom you requested an accommodation because of your disability, when that conversation took place, and the result of said request for accommodation.    (Paragraphs 22 to 24, Plaintiff's Complaint).

**ANSWER:**

14.     Please state each and every fact upon which you base your claim that this Defendant retaliated against you for requesting accommodations, or because of your disability. (Count III, Plaintiff's Complaint).

**ANSWER:**

15.     If you claim to have received or suffered any losses or damages, financial or non-financial, as a result of the occurrences alleged in your complaint or EEOC Charge, (a) describe in detail such losses or damage; (b) state when and how these damages were suffered; (c) state the value you place on such losses or damage, if any.

**ANSWER:**

16.     If you claim damages for embarrassment, humiliation, shame, damage to reputation, mental or emotional distress or physical pain and anguish please give a full and complete description of such and how, if at all, it manifested itself.

**ANSWER:**

17.    State the name and address of each doctor and hospital who has attended you for any medical condition you claim to have received as a result of the occurrences which form the basis of you suit and for each doctor identified, state (a) the dates of treatment; (b) your condition and diagnosis when first attended; (c) your condition when last attended by the doctor; (d) the statements the physician made to you regarding your prognosis for the future and his instructions in connection with further treatments; (e) the amount of the bill; (f) whether the bill has been paid; and, if so, by whom; and (g) whether you had any form of medical insurance or other protection that paid the bill or would have paid the bill if you had filed a claim.

**ANSWER:**


18.    Identify any other lawsuits, complaints, claims, EEOC charges, social security claims, class actions, or arrests or convictions to which you have been a party (including any bankruptcies or other legal proceedings) since 2001, including the status of that action.

**ANSWER:**


19.    State the name, address and telephone number of each person that you plan to call as an expert witness at the trial of this case, and for each witness identified,

state the name and address of his employer or the organization with which he is associated in any professional capacity, the field in which he is to be offered as an expert, a summary of his qualifications within the field in which he is expected to testify, the substance of the facts to which he is expected to testify, the substance of the opinions to which he is expected to testify and a summary of the grounds for each opinion, the dates of all reports that the expert has prepared in connection with the accident and the current location of those reports, the style, case number, court, and trial date of any case in which the expert has given testimony as an expert witness at any time either by deposition or by appearance at trial, each case or matter in which the expert has been employed by your attorneys as an expert witness, and the fee arrangement that you have with the witness to compensate him for his work in this case.

**ANSWER:**


20.    Identify every person who has provided the plaintiff or the plaintiff's counsel with statement, orally or in writing, regarding any or all of the allegations in the complaint.

**ANSWER:**

**21.**    **Identify any other employers or schools from whom you have made requests for accommodations because of your disability.**

**ANSWER:**


## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All documents referred to, related to, or used in answering the foregoing Interrogatories.

2. All documents that reflect, relate to, contain or describe any statement made by you or any employee or agent of Defendant, about:

   (a)    the matters alleged in the complaint or her EEOC charge;

   (b)    the plaintiff's employment with Defendant, or the termination of such employment; or

   (c)    any   purported   disability   discrimination,   refusal   to accommodate, or retaliation directed toward the plaintiff or any other employee of Defendant.

3.    All documents or statements obtained from any third party or witness that reflect, relate to, contain or describe:

   (a)    the matters alleged in the complaint or her EEOC charge;

9

     (b)    the plaintiff's employment with Defendant, or the termination of such employment; or

     (c)    any purported disability discrimination, refusal to accommodate, or retaliation directed toward the plaintiff or any other employee of Defendant.

4.    All diaries, notes, statements, tape recordings, photographs, videotapes or other documents made or kept by plaintiff that reflect, relate to, contain or describe:

     (a)    the matters alleged in the complaint or her EEOC charge;

     (b)    the plaintiff's employment with Defendant, or the termination of such employment; or

     (c)    any purported disability discrimination, refusal to accommodate, or retaliation directed toward the plaintiff or any other employee of Defendant.

5.    All documents that reflect, relate to, contain or describe the terms, conditions or benefits of the plaintiff's employment with Defendant or with any person or entity that employed the plaintiff after January 1, 2001.

6.    The plaintiff's federal and state income tax returns, W-2 forms, paycheck stubs, and profit sharing account statements, and all other documents

reflecting the sources, amounts and changes in amounts of income from and including January 1, 2008 to the present.

7.    All documents that the plaintiff or her agent or representative submitted to or received from the Equal Employment Opportunity Commission or to the Alabama Department of Industrial Relations relating to:

   (a)    the matters alleged in the complaint or her EEOC charge;

   (b)    the plaintiff's employment with Defendant, or the termination of such employment; or

   (c)    any purported disability discrimination, refusal to accommodate, or retaliation directed toward the plaintiff or any other employee of Defendant.

8.    All documents that reflect, relate to, contain or describe the identity of any witness to the matters alleged in the complaint.

9.    All documents that reflect, relate to, contain or describe any mental, physical, pecuniary or other losses or damage that the plaintiff allegedly suffered as a result of any alleged unlawful conduct by Defendant or the matters alleged in the complaint.

10.    All documents that reflect, relate to, contain or describe any complaint, report, objection, request for accommodation, grievance, protest or

other indication of dissatisfaction expressed by the plaintiff to any other person or entity concerning Defendant's alleged unlawful practices.

11.    All documents that reflect, relate to, contain or describe the identity of any doctor, therapist, chiropractor, psychiatrist, psychologist, minister or other counselor that the plaintiff made an appointment with, consulted or received treatment from at any time from and including January 1, 2002 to the present, including but not limited to her claimed disability in this lawsuit.

12.    All documents that reflect, relate to, contain or describe in any way to any effort that the plaintiff made to obtain employment with any employer from and including January 1, 2005 to the present, including but not limited to any correspondence between the plaintiff and any potential employer and any application, resume or other listing of qualifications or experience prepared by or for the plaintiff.

13.    All documents that relate to any claim the plaintiff has made for worker's compensation benefits, unemployment compensation benefits, or social security disability benefits.

14.    All documents reflecting litigation, whether civil or criminal, in which the plaintiff is or was a party, including arrests and other EEOC charges.

15.    Any and all reports and documents from any expert.

16.    All other documents not encompassed by any other request above which reflect, relate to, contain or describe any alleged unlawful conduct on the part of Defendant toward the plaintiff as set out in her Complaint or EEOC charge.

RESPECTFULLY SUBMITTED this 21st day of September, 2011.

/s/Bruce H. Henderson
Bruce H. Henderson
Attorney for Defendant INDIAN RIVERS
MENTAL HEALTH CENTER

OF COUNSEL:
PHELPS, JENKINS, GIBSON & FOWLER, LLP
1201 Greensboro Avenue
Tuscaloosa, Alabama  35401
TEL: (205) 345-5100
FAX: (205) 758-4394
Email: bhenderson@pjgf.com

## **CERTIFICATE OF SERVICE VIA E-MAIL and US MAIL**

This is to certify that I have this day served the foregoing discovery upon the following via e-mail and by placing a copy of same in an envelope, properly addressed, and depositing same in the United States mail, with adequate postage thereon:

> Tim R. Wadsworth
> Attorney for Plaintiff
> Post Office Box 987
> 55051 Highway 17
> Sulligent, AL  35586
> Phone:  (205) 698-9118
> Fax:  (205) 698-7456
> wadsworth@centurytel.net

Done this the 21st day of September, 2011.

> /s/Bruce H. Henderson
> Of Counsel

**PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.**
ATTORNEYS AT LAW
1201 GREENSBORO AVENUE
TUSCALOOSA, ALABAMA 35401

SAM M. PHELPS
JAMES J. JENKINS
J. RUSSELL GIBSON, III
RANDOLPH M. FOWLER
FARLEY A. POELLNITZ
A. COURTNEY CROWDER
BRUCE H. HENDERSON†
STEPHEN E. SNOW
W. DAVID RYAN
CLAY A. TINDAL
TERRI OLIVE TOMPKINS
CHARLYE S. ADAMS

Writer's E-Mail Address: ttompkins@pjgf.com

MAILING ADDRESS:

P.O. BOX 020848
TUSCALOOSA, ALABAMA 35402-0848

TELEPHONE
205-345-5100
TELEFAX
BUSINESS          205-391-6658
LITIGATION       205-788-4394
REAL ESTATE     205-391-6663

†ALSO ADMITTED IN TENNESSEE

October 28, 2011

Mr. Tim R. Wadsworth
P. O. Box 987
Sulligent, Alabama  35586

**EXHIBIT B**

Re:   Ellen Diane Lewis v. Mental Health Board, et al
      In the United States District Court for the Northern District
      of Alabama, Western Division, Case No. CV-11-02181-PWG

Dear Tim:

We filed the Defendant's First Request for Production and Interrogatories on September 21, 2011.  The responses to these requests were due on October 21, 2011. We have not received your responses nor have you contacted our office to discuss an extension.  Accordingly, please forward responses to these requests to me by November 7, 2011 so that we may avoid court intervention.

I appreciate your prompt response.

Sincerely,

Terri Olive Tompkins

TOT/bsm

icc:   Bruce Henderson

P:\bhenderson\bhenderson\Indian Rivers Mental Health Center\Ellen Diane Lewis EEOC\Correspondence\Wadsworth.TOT.102811.DiscoveryPastDue.doc